————o————

WILLIAM A. DONALDSON, Respondent, vs. HENRY HIBNER, Appellant.

1. *Estoppel in pais does not affect subsequently acquired title.*—In ejectment for certain lands bought by defendant at a sheriff's sale, plaintiff will not be estopped from setting up an adverse title, by reason of the fact that at the sale, not then having any title in himself, plaintiff induced defendant to purchase by his representations that a good title would pass by the sale. Acts of *estoppel in pais*, operate only upon existing rights, and do not affect a subsequently acquired title.

*Appeal from Ray Circuit Court.*

*Thomas I. Dent and George W. Dunn*, for Appellant.

*William A. Low*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment, commenced in the Common Pleas Court of Caldwell county, for a tract of land in that county, and taken by change of venue to the Ray Circuit Court, where the case was tried and resulted in a judgment in favor of the plaintiff.

Both parties claimed title under one William H. Keitesson as the common source. The plaintiff showed a regular deed of conveyance from Keitesson to himself. The defendant stood upon a sheriff's deed made on a sale of the land under an

execution which had been issued on a personal judgment, rendered against Keitesson without service of summons, and without any appearance, and purporting to be based on an order of publication in a personal action; and in connection with his sheriff's deed the defendant relied upon the fact that the plaintiff was an attorney at law and procured the judgment referred to, and was at the sale made by the sheriff, and proclaimed to the bidders that the judgment and proceedings were regular, and a good title would pass by the sale; and that defendant acted on those declarations, believing them to be true, and made his purchase at sheriff's sale, and took the sheriff's deed. It was after this sheriff's sale and deed to the defendant, that the plaintiff made his purchase and took his conveyance from Keitesson.

The only point made and relied on, is that the plaintiff is estopped from setting up the title conveyed to him by Keitesson, as against the defendant. It is contended, that the acts of the plaintiff amounted to an estoppel *in pais*. An estoppel *in pais*, acts on existing rights. If the plaintiff had been invested with the title at the time the defendant bought under the void judgment and execution, his mouth would be closed from disputing the defendant's title, by setting up his own title, which existed at the time. But he had no title upon which the alleged estoppel could act. Keitesson held the only title to the land at that time, and as the judgment and sale under it are conceded to be void, his title was not impaired or in any manner affected by such sale. Being the owner of the land, he held it with all its incidents. As owner, he had the right to sell and transfer the land to any person capable of making the purchase.

Notwithstanding the conduct of the plaintiff at the sheriff's sale, he was not incapacitated from subsequently acquiring the title to this land from Keitesson. There is nothing in the doctrine of estoppel *in pais*, to justify the conclusion that it passes a subsequently acquired title.

We can act only on existing, and not subsequently acquired rights.

Judgment affirmed. All the other judges concur.